PER CURIAM.
This is a Florida Bar disciplinary case in which Respondent, Richard W. Phillips, after due hearing, was found guilty by the Referee of certain misconduct, as reflected in the Referee’s report of July 6, 1972. In his report, the Referee noted that no appearance had been made by Respondent or by counsel representing him, and that all mailed notices of the hearing were returned with the notation: “Moved, left no address.” The Referee’s “Findings of Fact” read as follows:
“After considering all the pleadings, exhibits and evidence before me, I find that:
“1. During the month of October, 1970, one Samuel S. Robbins employed the Respondent to represent him in the City Court of Lakeland, Florida, and paid him $75.00, and the Respondent failed to carry out the contract of employment entered into with said client for his professional services.
“2. On December 1, 1970, Respondent appeared in the Magistrate’s Court, Criminal Division, in and for Palm Beach County, Florida, in an inebriated or intoxicated condition while a jury trial was being conducted, which conduct resulted in the Trial Judge citing the Respondent for contempt of Court,”
The Referee recommended that for his violation of the Code of Professional Responsibility the
“ . . . Respondent be given a public reprimand and suspended from the practice of law in Florida for a period of one year, and that his membership in The Florida Bar be likewise suspended until such time as the Respondent registers his proper mailing address with the Director of the Florida Bar within said period of one year, and in failure to do so that Respondent be disbarred.
The Respondent made no request for review by this Court. However, The Florida Bar has petitioned us to review the Referee’s recommendation of discipline on the ground that, although authorized, the penalty imposed is excessive.
Upon examination of the record in this cause and upon the recommendation of The Florida Bar, we find the Respondent in violation of Disciplinary Rule 7-101(A)(2), 7-106(C) (6) and Canons 1, 6, 7, and 9 of the Code of Professional Responsibility, 32 F.S.A. It is ordered that Respondent is suspended from the practice of law in Florida for three months and thereafter until rehabilitation has been established to the satisfaction of this Court, and Respondent has registered his proper
*34 mailing address with the Executive Director of The Florida Bar and has paid the costs of these proceedings.
ERVIN, Acting C. J., and ADKINS, BOYD, McCAIN and DEKLE, JJ„ concur.